UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BH DOWNTOWN MIAMI, LLC and
340 BISCAYNE OWNER LLC

    Debtors.
_____/

Case No. 24-23028-LMI

Chapter 11

(Jointly Administered)

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
NEIL S. ROLLNICK, ESQ. AND THE LAW FIRM OF
<u>HINSHAW & CULBERTSON LLP, AS SPECIAL COUNSEL</u>**

**[HEARING REQUESTED ON APRIL 7 OR 8, 2025]
UPON CONSULTATION WITH LENDER'S COUNSEL, AND SUBJECT TO THE COURT'S CALENDAR, DEBTORS REQUEST A HEARING DATE ON EITHER APRIL 7 OR 8, 2025 DUE TO THE VACATION SCHEDULE OF LENDER'S COUNSEL AND THE HOLIDAY THAT BEGINS THE FOLLOWING WEEK.**

Debtors, 340 Biscayne Owner LLC and BH Downtown Miami, LLC ("<u>Debtors</u>"), pursuant to 11 U.S.C. § 327(e), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1(A) and 2016-1(A) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "<u>Local Rules</u>"), hereby file this *Application for Entry of an Order Authorizing the Employment and Retention of Neil S. Rollnick, Esq. and the law firm of Hinshaw & Culbertson LLP, as Special Counsel as of the Petition Date* (the "<u>Application</u>") seeking approval of the employment of Neil S. Rollnick, Esq. ("<u>Rollnick</u>") and the law firm of Hinshaw & Culbertson LLP, ("<u>Hinshaw</u>"), to represent the Debtors as special real estate counsel effective as of February 1, 2025. In support of this application, the Debtors rely upon the *Declaration of Neil S. Rollnick on behalf of Hinshaw & Culbertson LLP* attached hereto as **Exhibit "A"** (the "<u>Rollnick Declaration</u>").

1

In further support of this Application, the Debtors respectfully represent as follows:

### I.     JURISDICTION AND VENUE

1. On December 13, 2024, Debtors petitioned this Court for bankruptcy protection under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since that time, Debtors have operated as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors' committee has been appointed in these cases. In addition, no trustee or examiner has been appointed.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 327(e), Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1(A) and 2016-1(A).

### II.     BACKGROUND AND BUSINESS OPERATIONS

4. Debtors adopt and incorporate as if fully set for the herein, the *Declaration of Cristiane Bomeny in Support of Debtors' Chapter 11 Petitions and First Day Motions* [ECF No. 3] (the "Bomeny Declaration"). All capitalized terms not defined herein shall have the meaning ascribed to them in the Bomeny Declaration.

### III.     RELIEF REQUESTED

5. By this Application, Debtors respectfully request the entry of an order pursuant to Section 327(e) of the Bankruptcy Code, authorizing the Debtors to employ and retain Neil Rollnick and the law firm of Hinshaw & Culbertson LLP as their special real estate counsel to perform legal services that will be necessary during their Chapter 11 cases effective as of February 1, 2025.

6. Retention of Hinshaw as special counsel with regard to real estate matters is critical to the success of the Debtors' effective and efficient resolution of this bankruptcy case. Hinshaw has considerable experience in matters of this character, was representing the Debtors prior to the Petition Date in the same type of matters, and is qualified to advise the Debtors in real estate issues.

**A.    Services to be Provided**

7. The Debtors are in the process of negotiating with various prospective purchasers and lenders, and drafting documents related to the purchase and/or refinancing of the Debtors' property. Prior to the Petition Date, Hinshaw was assisting the Debtors in matters related to the sale of the property and/or refinancing of the debt, and has extensive familiarity with the Debtors, their property and the debt. They are also well qualified for the role of special real estate counsel.

8. Hinshaw's services are necessary to enable the Debtors to execute faithfully their duties as debtors-in-possession and to submit a plan of reorganization to the Court. Subject to order of this Court, Hinshaw will be required to render, *among other things*, the following services to the Debtors:

   a. negotiate terms of purchase agreements and refinancing with third parties on behalf of the Debtors;

   b. provide advice to the Debtors with respect to legal issues arising in or relating to the Debtors' exit strategy;

   c. attend meetings with third parties and draft documents with respect to the above matters; and,

   d. perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with real estate issues during this Chapter 11 case.

Hinshaw is willing to act on behalf of the Debtors as set forth above.

**B.    Terms of Retention**

9. Hinshaw has not been paid any retainer for its services.

10. Hinshaw intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these Chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court. Hinshaw will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtors in these Chapter 11 cases at the then-current rate charged for such services.

11. Consistent with the firm's policy with respect to its other clients, Hinshaw will charge the Debtors for all services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

12. Hinshaw has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estates, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this case. The Debtors will each be jointly and severally liable for the fees and costs awarded by the Court.

13. Other than as set forth herein and in the Rollnick Declaration, no arrangement is proposed between the Debtors and Hinshaw for compensation to be paid in this case, and no agreement or understanding exists between Hinshaw and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

14. No previous request for the relief sought in this Application has been made to this Court or any other Court.

## IV.     BASIS FOR RELIEF REQUESTED

15. Section 327(e) of the Bankruptcy Code provides that a debtor-in-possession, subject to Court approval "may employ, for a specified special purpose, other than to represent the [debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.." 11 U.S.C. §§ 327(e), 1107 & 1108.

16. Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bank. P. 2014.

17. As the Debtors' special counsel, the Hinshaw will play an integral role throughout the case.

## V.     DISINTERESTEDNESS OF PROFESSIONALS

18. As set forth in the Rollnick Declaration, to the best of the Debtors' knowledge, the partners, counsel, and associates of Hinshaw: (a) do not have any connection with the Debtors, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants; (b) are disinterested persons, as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtors' estate.

19. More specifically, as set forth in the Rollnick Declaration:

      a. Neither Hinshaw nor any attorney at Hinshaw holds or represents an interest adverse to the Debtors' estate.

      b. Neither Hinshaw nor any attorney at Hinshaw is or was a creditor, an equity holder, or an insider of the Debtors, except that Hinshaw previously rendered legal services to the Debtors for which it was compensated.

      c. Neither Hinshaw nor any attorney at Hinshaw is or was, within two years before the Petition Date, a director, officer or employee of the Debtors.

20. Hinshaw does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason. Hinshaw submits that it satisfies the requirement for special bankruptcy counsel pursuant to Section 327(e) of the Bankruptcy Code.

**WHEREFORE**, Debtors respectfully request that the Court enter an order (i) authorizing the Debtors' retention of Neil S. Rollnick, Esq., and the law firm of Hinshaw & Culbertson LLP, upon the terms outlined in this Application effective as of February 1, 2025; and (ii) granting such other and further relief as is just and proper.

Dated this 18th day of March, 2025.

                                        Respectfully submitted,

                                        **Pardo Jackson Gainsburg & Shelowitz, PL**
                                        *Counsel for Debtors*
                                        100 Southeast 2nd Street, Suite 2050
                                        Miami, Florida 33131
                                        Telephone: (305) 358-1001
                                        Facsimile: (305) 358-2001
                                        Email: LJackson@pardojackson.com
                                                           LLovell@pardojackson.com
                                                           sramos@pardojackson.com

                                        By: */s/ Linda Worton Jackson*
                                             Linda Worton Jackson
                                             Florida Bar No. 843164
                                             Linsey M. Lovell
                                             Florida Bar No. 121581

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

        Respectfully submitted,

        **Pardo Jackson Gainsburg & Shelowitz, PL**
        *Counsel for Debtors*
        100 Southeast 2nd Street, Suite 2050
        Miami, Florida 33131
        Telephone: (305) 358-1001
        Facsimile: (305) 358-2001
        Email: LJackson@pardojackson.com
                LLovell@pardojackson.com
                sramos@pardojackson.com

        By: */s/ Linda Worton Jackson*
             Linda Worton Jackson
             Florida Bar No. 843164
             Linsey M. Lovell
             Florida Bar No. 121581

**Exhibit A**
**(Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BH DOWNTOWN MIAMI, LLC and
340 BISCAYNE OWNER LLC

Debtors.

Case No. 24-23028-LMI

Chapter 11

(Jointly Administered)

_____/

**DECLARATION OF NEIL S. ROLLNICK, ESQ. IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF NEIL ROLLNICK, ESQ. AND THE LAW FIRM OF HINSHAW & CULBERTSON LLP, AS SPECIAL COUNSEL NUNC PRO TUNC**

I, Neil S. Rollnick, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am an attorney admitted to practice in the State of Florida.

2. I am employed by the law firm of Hinshaw & Culbertson LLP ("Hinshaw") with offices located at 2811 Ponce de Leon Blvd., 10th Floor, Coral Gables, Florida 33134.

3. Neither I nor Hinshaw represent any interest adverse to the Debtors, or the estates, and we are disinterested persons as required by 11 U.S.C. §327(a).

4. Neither I nor Hinshaw have or will represent any other entity in connection with these cases, except as follows:

    a. Prior to the Petition Date, Hinshaw represented Aquamarine Services Corp. in connection with real estate matters.

5. Neither I nor Hinshaw will accept any fee from any other party or parties in this case, except the Debtors-In-Possession, unless otherwise authorized by the Court.

6. Hinshaw has not received a retainer in the Debtors' cases. All fees and expenses incurred by Hinshaw, shall be paid from a portion of the Debtors' cash and future revenues upon

approval of the Court.

7. The professional fees and costs to be incurred by Hinshaw in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8. The hourly rates for the attorneys at Hinshaw range from $275 to $1,500 per hour. The hourly rates of Neil S. Rollnick the attorney and Elissa Otto-Villamor, the paraprofessional who will be principally working on this case, are $860 and $305 respectively. The hourly rates for the paraprofessionals at Hinshaw are from $150 to $305 per hour. Hinshaw reserves the right to increase its hourly rates in accordance with its normal and customary business practices. The referenced fees will apply for 2025.

9. There is no agreement of any nature as to the sharing of any compensation to be paid to Hinshaw, except between the attorneys of Hinshaw. No promises have been received by Hinshaw, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

10. No attorney at Hinshaw holds a direct or indirect equity interest in the Debtors, including any option to purchase an interest, or has a right to acquire such an interest.

11. No attorney at Hinshaw is or has served as an officer, director, or employee of the Debtors within two years before the Petition Date.

12. No attorney at Hinshaw is in control of the Debtors or is a relative of a director, officer, or person in control of the Debtors.

13. No attorney at Hinshaw is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

14. No attorney at Hinshaw is or has served as an officer, director or employee of a

financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors within two years before the Petition Date.

15. No attorney at Hinshaw has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the Petition Date.

16. No attorney at Hinshaw has any other interest, direct or indirect, that may be affected by the proposed representation.

17. Hinshaw does not represent any creditor of the Debtors.

18. Except as set forth herein, no attorney at Hinshaw has had or presently has any connection with the above-captioned Debtors or the estate on any matters in which Hinshaw is to be engaged, except that I, Hinshaw or our attorneys may represent or may have represented certain of the Debtors' creditors in matters unrelated to this case.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th day of March, 2025.

_____
Neil S. Rollnick