**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE:<br><br>BH DOWNTOWN MIAMI, LLCA and 340 BISCAYNE OWNER, LLC,<br><br>    Debtors. | CASE NO. 24-23028-LMI<br><br>CHAPTER 11 |

**LIMITED OBJECTION AND**
**NOTICE OF RESERVATION OF RIGHTS**

**COMES NOW** Hilco Real Estate, LLC ("Hilco"), by and through undersigned counsel, and files this *Limited Objection and Notice of Reservation of Rights*, and states as follows:

**BACKGROUND**

1.      On December 13, 2024, each of the Debtors filed a voluntary petition under Chapter 11.  The cases are being jointly administered.

*A.      Hilco Retention*

2.      On March 30, 2025, the Debtors filed the *Application to Employ Hilco Real Estate, LLC, as Real Estate Agents* [ECF No. 77] (the "Hilco Application").

3.      Attached as Exhibit "A" to the Hilco Application was a copy of the *Real Estate Consulting and Advisory Services Agreement* (the "Hilco Agreement") entered by Hilco and the Debtors.

4.      In accordance with the Hilco Application and Hilco Agreement, the Debtors proposed retaining Hilco to serve as the Debtors' exclusive agent to provide consulting and advisory services with respect to certain real property located at 340 Biscayne Boulevard, Miami, Florida 33132 (the "Property") subject, however, to the approval of the Court.

5.        On April 4, 2025, the Court entered the *Order Granting Application to Employ Hilco Real Estate, LLC as Real Estate Agents* [ECF No. 87] (the "Hilco Retention Order").

6.        In accordance with the Hilco Retention Order, the Court authorized the Debtors' retention of Hilco and approved the terms and conditions of the Hilco Agreement.

7.        The original term of the Hilco Agreement was for a period of 120 days from entry of the Retention Order (the "Original Term"); *provided, however*, the Original Term could be extended for successive thirty (30) periods upon written agreement by Hilco and the Debtors.

8.        The Original Term of the Hilco Agreement was scheduled to expire on August 2, 2025, subject, however, to extension by the Debtors and Hilco.

9.        Hilco faithfully and dutifully provided services to the Debtors in accordance with and throughout the Original Term of the Hilco Agreement. Hilco continued to provide services to and for the benefit of the Debtors, and with the knowledge, consent, and acceptance of the Debtors and counsel, from and after August 2, 2025. These services continued through at least the end of September 2025.

10.       On October 10, 2025, the Debtors requested, and Hilco provided its "Prospect List" to the Debtors in accordance with the Hilco Agreement, which contained a list of all prospects for the Property (the "Prospect List").

**B.**       *The Sale Motion*

11.       On October 10, 2025, the Debtors filed the *Motion to Approve (A) Sale of Assets Free and Clear of All Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. §§ 363(f) and 105, (B) Auction Procedures, (C) Closing of Hotel Operations, (D) Approving Form of Purchase and Sale Agreement, (E) Scheduling Dates to Conduct Auction and Hearing to Consider Final Approval of Sale, and (F) for Related Relief* [ECF No. 197] (the "Sale Motion").

12.     In accordance with the Sale Motion, the Debtors request authorization to conduct an auction sale of the Property free and clear of claims, liens, interest, and encumbrances (the "Sale").  In connection with the proposed Sale, the Debtors propose a buyer's premium equal to 6% of the gross purchase price, which will cover auctioneer fees, and the buyer's and seller's broker fees.

### C.     The Concierge Application

13.     On October 10, 2025, the Debtors filed the *Application to Employ Concierge Auctions, LLC as Auctioneers* [ECF No. 196] (the "Concierge Application").  In accordance with the Concierge Application, the Debtors seek authorization to employ Concierge Auctions, LLC ("Concierge") for purposes of conducting the Sale of the Property.

14.     In the Concierge Application, the Debtors allege and/or acknowledge the following: (a) the Hilco Application expired on August 2, 2025; (b) Hilco may seek reimbursement up to the amount of $25,000.00; and (c) Hilco is "entitled to a commission if the Debtor consummates a sale with one of the buyer's listed on Hilco's "Prospect List" on or before November 30, 2025. Hilco has not provided the Debtor with its Prospect List[,] and the Debtor does not anticipate closing with any of the expected buyers on that list on or before November 30, 2025, so the Debtor does not expect any commission to be due to Hilco." *See* Concierge Application, p.2, n.1.

### LIMITED OBJECTION

15.     Hilco files this limited objection to the Sale Motion and Concierge Application to the extent that approval of the Sale Motion and/or the Concierge Application (a) is deemed or results in a waiver of, or otherwise prevents and precludes, Hilco's right to assert, claim, and collect, or (b) prevents or precludes Hilco from asserting, claiming, and receiving payment of,

any commission and/or expense reimbursement to which Hilco is entitled in accordance with the Hilco Agreement and/or applicable bankruptcy and nonbankruptcy law, including, without limitation, from any proceeds of Sale, including, without limitation, at any closing of the Sale of the Property.

## RESERVATION OF RIGHTS

16.     Hilco fully and expressly reserves, and neither waives nor relinquishes any objections, claims, defenses, and any other rights and remedies to which Hilco may be entitled, including, without limitation, a claim for payment of a commission and/or expense reimbursement to which Hilco is entitled in accordance with the Hilco Agreement and/or applicable bankruptcy and nonbankruptcy law.

**DATED**: October 16, 2025

SEESE, P.A.
*Attorneys for Hilco Real Estate, LLC*
101 N.E. 3rd Avenue
Suite 1500
Ft. Lauderdale, Florida 33301
Telephone No.: (954) 745-5897
mseese@seeselaw.com

By: */s/ Michael D. Seese*
        Michael D. Seese, Esq.
        Fla. Bar No. 997323

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a true and correct copy of this *Limited Objection and Notice of Reservation of Rights* was served electronically, *via* CM/ECF, upon all parties registered to receive electronic notice on the date filed.

*/s/ Michael D. Seese*
Michael D. Seese
FBN 997323