

**ORDERED in the Southern District of Florida on October 22, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BH DOWNTOWN MIAMI, LLC and
340 BISCAYNE OWNER LLC

Debtors.
_____/

Case No. 24-23028-LMI

Chapter 11

(Jointly Administered)

**ORDER AUTHORIZING THE RETENTION OF
CONCIERGE AUCTIONS, LLC AS AUCTIONEER
PURSUANT TO SECTIONS 327(A) AND 328(A) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(A)**

This matter came before the Court on October 20, 2025, at 9:30 am upon the application (the "Application") [ECF 196] of 340 Biscayne Owner, LLC (the "Debtor") for an order pursuant to Sections 327 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 2014 and Local Rule 6005-1 authorizing the Debtor to retain Concierge Auctions, LLC as

1

the auctioneer (the "Auctioneer") for the Debtor's property located at 340 Biscayne Boulevard, Miami, Florida (the "Property"); pursuant to the terms of the Auction Agreement attached to the Application as Exhibit A (the "Agreement"),the Objection (the "Cirrus Objection") to the Motion filed by 340BB Lender, LLC and Cirrus Real Estate Funding LLC ("Cirrus" [ECF 207], and the Limited Objection and Notice of Reservation of Rights (the "Hilco Objection") [ECF 206] filed by Hilco Real Estate, LLC ("Hilco").  The Court, having reviewed the Application and the terms of the Agreement and the Objections filed; having found that shortened notice of the hearing was appropriate and reasonable under the circumstances; having heard all the argument and representations of counsel and the representations by the Auctioneer; being satisfied that the Auctioneer is a "disinterested" person with the meaning of the Bankruptcy Code; and finding that the relief requested in the Application is in the best interests of the Debtor, Debtor's creditors, equity interest holders, and all parties-in-interest; and it further appearing that the proposed compensation terms, as set forth in this Order are reasonable for purposes of section 328(a) of the Bankruptcy Code; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1. The Application is GRANTED as provided herein.

2. In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor is hereby authorized to employ and retain the Auctioneer to assist with the sale of the Property on the terms set forth in the Agreement.

3. Any payment of compensation to the Auctioneer shall not require further hearing.

4. The Debtor is authorized to take all actions necessary to effectuate the retention of the Auctioneer pursuant to this Order in accordance with the Agreement.

5. The Debtor shall charge the winning bidder at the Auction a buyer's premium equal to five (5%) percent, which shall be allocated as follows: (a) 1% will be paid to a buyer's broker

if the winning bidder has a broker who is entitled to a commission in accordance with the Sale Procedures, (b) 2% will be paid to the Auctioneer for its auction services fee, out of which fee the Auctioneer shall pay the listing agent's commission, and (c) the remaining 2% shall be used, if applicable, as a credit against the buyer's premium owed by the winning bidder in the amount of any earned starting bid incentive credit as described in the Sale Procedures.  If no fee is owed to a buyer's broker, the 1% otherwise allocable to such buyer's broker shall be credited to the Debtor, together with any remaining amounts of the 2% allocated to the starting bid incentive credit not so applied to the winning bidder's Buyer's Premium in accordance with the Sale Procedures.

6. Notwithstanding paragraph 5, if Cirrus is the winning bidder at the Auction, the Auctioneer will only receive a flat fee of $750,000.000 from Cirrus.

7. The Debtor shall reimburse the Auctioneer up to a maximum amount of $150,000 as reimbursement for out-of-pocket costs and expenses paid to third parties by the Auctioneer upon submission of proof of payment.

8. The Auctioneer is disinterested as defined in the Bankruptcy Code pursuant to the Declaration of Auctioneer attached to the Application.

9. The Auctioneer has certified that (i) Auctioneer is licensed as an auctioneer and covered by the Florida Auctioneer Recovery Fund and is authorized to conduct auctions in the State of Florida pursuant to Florida Statutes §468.381 et seq or 468.387 for out-of-state auctioneer.

10. The Auctioneer will post a bond in the amount of $50,000 within 7 days of entry of this Order, unless extended by the United States Trustee, and provide evidence of the bond to the United States Trustee.

11. The Debtor shall serve this order on the U.S. Trustee and all creditors together with service of the notice pursuant to Bankruptcy Rules 2002(a)(2), 2002(c)(1), and 6004.

12. Upon completion of the Auction, Auctioneer shall file with the court a report summarizing the results of the auction and stating the fees and expenses which will be paid to the Auctioneer in accordance with this order. The report shall be served only on the U.S. Trustee and any other party who specifically requests a copy. The fees and expenses may be paid without the necessity of further notice or hearing unless a party in interest files an objection within 14 days from the filing of the report with the court and service of the report on the parties set forth above.

13. If there is any inconsistency between the terms of the Agreement and this Order, the terms of this Order shall govern and control.

14. Notwithstanding the entry of this Order and/or the relief granted hereunder, (a) the entry of this Order is without prejudice to, or waiver of, any claims, defenses, or any other rights and remedies relating to any claim for payment of a commission and/or expense reimbursement to which Hilco may be entitled in accordance with the Hilco Agreement (as defined in the Hilco Objection) and/or applicable bankruptcy and nonbankruptcy law, and (b) nothing in this Order shall constitute a finding or determination as to the allowance or disallowance of any claim that may be asserted by Hilco.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the Agreement and the retention of the Auctioneer.

####

Submitted By:
Linda Worton Jackson, Esq.
**Pardo Jackson Gainsburg & Shelowitz, PL**
*Counsel for Debtor-in-Possession*
100 SE 2nd Street, Suite 2050
Miami, Florida 33131
Tel:  305-358-1001
Fax: 305-358-2001
ljackson@pardojackson.com

[Ms. Jackson shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).

[Ms. Jackson shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).