UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

BH DOWNTOWN, LLC and
340 BISCAYNE OWNER LLC

    Debtors.

_____/

Case No. 24-23028-LMI

Chapter 11

(Jointly Administered)

### LIMITED OBJECTION TO THIRD AMENDED JOINT PLAN OF REORGANIZATION OF 340 BISCAYNE OWNER LLC AND BH DOWNTOWN MIAMI, LLC

Cirrus Real Estate Funding LLC and Cirrus 340BB Lender LLC (collectively, "**Cirrus**") submits this limited objection (the "**Limited Objection**") to the *Third Amended Joint Plan of Reorganization of 340 Biscayne Owner LLC and BH Downtown Miami, LLC* [ECF No. 192] (the "**Plan**")[1] filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). In support of this Limited Objection, Cirrus respectfully states as follows:

### LIMITED OBJECTION

1. As the Court is aware, Cirrus continues to have significant concerns regarding the Debtors' conduct during these cases. However, after certain modifications were made to the Plan at Cirrus' request, including to ensure compliance with the absolute priority rule, the timely completion of the auction, and the provision for postpetition interest, Cirrus' sole remaining objection to the Plan is its impermissible "discharge" of non-debtors – a provision that, as recently confirmed by the Supreme Court, fails to comply with section 1141 of the Bankruptcy Code. Although Cirrus reserves all rights to challenge any evidentiary support

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

that the Debtors may adduce at the Confirmation Hearing to satisfy their burden under section 1129 of the Bankruptcy Code, Cirrus submits that in the interest of efficiency and economy, the Plan should be confirmed other than with respect to the discharge of the Debtors' professionals.

2.  Article XIII of the Plan provides the following: "Except as otherwise provided in this Plan, confirmation of the Plan shall be deemed to have discharged the Debtors, **and their professionals**, pursuant to Section 1141(d)(1) of the Code from any claim that arose on or prior to the Confirmation Date…" (emphasis added).

3.  But Section 1141 provides only for a debtor to receive a discharge in bankruptcy.  11 U.S.C. § 1141(d)(1)(A) ("[T]he confirmation of a plan discharges the *debtor* from any debt that arose before the date of such confirmation…" (emphasis added)).

4.  The Supreme Court recently addressed the issue of which parties are eligible for a discharge in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 221 (2024), noting that "a discharge releases *the debtor* from its debts." *Id.* (emphasis added).  The Supreme Court emphasized that "the bankruptcy code reserves this benefit to 'the debtor'—the entity that files for bankruptcy." *Id.* (citing § 1141(d)(1)(A); *accord*, § 524(e); *see also* §§ 727(a)–(b)).

5.  Other courts, including the Eleventh Circuit, have long held that the benefit of a discharge is exclusively reserved for the debtor.  *See, e.g. Shure v. Vermont (In re Sure-Snap Corp.)*, 983 F.2d 1015, 1019 (11th Cir. 1993) (holding that "confirmation of a debtor's Chapter 11 plan does not discharge the obligations of a third-party guarantor [because the] Bankruptcy Code provides that discharge of a debt of the *debtor does not affect the liability of any other entity* on, or the property of any entity for, such debt.") (emphasis added) (internal quotations and citation omitted); *United States Pipe & Foundry Co., LLC v. Holland (In re United States Pipe & Foundry*

*Co.)*, 32 F.4th 1324, 1332 (11th Cir. 2022) ("We have explained that 'confirmation of a debtor's . . . plan [of reorganization] does not discharge the obligations of a third-party guarantor' because the *debtor* is discharged from the debt.") (quoting *In re Sure-Snap Corp.*, 983 F.2d at 1019) (emphasis in original); *see also Murray v. Dinsmore & Shohl, LLP (In re Murray Energy Holdings Co.)*, 662 B.R. 604, 626 (Bankr. S.D. Ohio 2024) (finding that bankruptcy courts do not have related-to jurisdiction over nondischargeability actions against debtor, which does not affect the bankruptcy estate, "[b]ecause a discharge is a benefit reserved for a debtor, rather than a debtor's estate").

6. Pursuant to Section 1129(a)(1) of the Bankruptcy Code, a plan can only be confirmed if it "complies with the applicable provisions of this title." 11 U.S.C. § 1129(a)(1). The Plan cannot be confirmed in its current form unless the phrase "and their professionals" is removed from Article XIII, as its inclusion renders the Plan inconsistent with the Bankruptcy Code by impermissibly extending the discharge to non-debtors. *Purdue Pharma*, 603 U.S. at 221.

## RESERVATION OF RIGHTS

7. Cirrus reserves all rights with respect to Plan and any proposed final order, including the right to supplement and amend this Limited Objection, participate in additional briefing and oral arguments and seek additional discovery with respect to the Plan, including, but not limited to, the Debtors' conduct during the course of the Bankruptcy Cases. Cirrus further reserves the right to object to the Plan and any subsequently filed motion to determine the amount of the Cirrus Escrow Fund. Nothing contained herein shall constitute a waiver of any of the claims, rights or remedies of Cirrus, each of which is hereby expressly reserved.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

WHEREFORE, Cirrus respectfully requests that the Court deny confirmation of the Plan unless it is modified to remove an impermissible discharge for non-Debtors, together with such other and further relief as this Court deems just and proper under the circumstances.

Dated: November 26, 2025

        Respectfully submitted,

        s/ *Daniel N. Gonzalez*
        Daniel N. Gonzalez, Esq.
        Florida Bar No. 0592749
        dgonzalez@melandbudwick.com
        **MELAND BUDWICK, P.A.**
        3200 Southeast Financial Center
        200 South Biscayne Boulevard
        Miami, Florida 33131
        Telephone: (305) 358-6363
        Telecopy: (305) 358-1221

        -and-

        **PRYOR CASHMAN LLP**
        Todd E. Soloway, Esq. (admitted *pro hac vice*)
        Bryan T. Mohler, Esq. (admitted *pro hac vice*)
        Andrew S. Richmond, Esq. (admitted *pro hac vice*)
        7 Times Square
        New York, New York 10036
        Telephone: (212) 421-4100
        Facsimile: (212) 326-0806
        Email: tsoloway@pryorcashman.com
                bmohler@pryorcashman.com
                arichmond@pryorcashman.com

        *Counsel to Cirrus Real Estate Funding, LLC and Cirrus 340BB Lender LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2025, a true and correct copy of the foregoing was served to all parties receiving CM/ECF notification via the Court's CM/ECF system.

                                              s/ *Daniel N. Gonzalez*
                                              Daniel N. Gonzalez, Esquire
                                              Florida Bar No. 592749
                                              dgonzalez@melandbudwick.com
                                              MELAND BUDWICK, P.A.
                                              3200 Southeast Financial Center
                                              200 South Biscayne Boulevard
                                              Miami, Florida 33131
                                              Telephone: (305) 358-6363
                                              Telecopy: (305) 358-1221